UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 18, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Montoya T. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 24-1470-CDA

Dear Counsel:

On May 20, 2024, Plaintiff Montoya T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on July 9, 2020, alleging a disability onset of April 27, 2017. Tr. 90, 92, 95. Plaintiff's claims were denied initially and on reconsideration. Tr. 90, 92, 198-99. On March 9, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 47-89. Following the hearing, on July 12, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 18-41. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on May 20, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Montoya T. v. Bisignano*
Civil No. 24-1470-CDA
July 18, 2025
Page 2

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since April 27, 2017, the alleged onset date." Tr. 24. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "anxiety, depression, post-traumatic stress disorder, attention-deficit hyperactive disorder, obsessive-compulsive disorder, and diabetes mellitus-type I." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of obesity, major dysfunction of the right knee and ankle joints, ventral hernia, migraine headache, peripheral neuropathy, and substance abuse. Tr. 24-25. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 25. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: Must avoid work at unprotected heights or around dangerous moving machinery (i.e., forklifts). Able to understand and carry out simple instructions and routine, repetitive tasks. Able to apply commonsense understanding to carry out detailed, but uninvolved, instructions. Avoid work requiring a high-quota production-pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). Able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated by normal breaks. Occasionally able to change activities or work settings during the workday without it being disruptive. Occasionally able to deal with changes in a routine work setting. Able to have occasional interaction with supervisors, co-workers, and/or the general public.

Tr. 29-30. The ALJ determined that Plaintiff was unable to perform past relevant work as a medical assistant (DOT[3] #079.362-010) and sterilizer (DOT #599.585-010) but could perform

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*,

*Montoya T. v. Bisignano*
Civil No. 24-1470-CDA
July 18, 2025
Page 3

other jobs that existed in significant numbers in the national economy. Tr. 39-40. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 40.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g., Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal, contending that the ALJ (1) failed to adequately consider the substantial evidence of Plaintiff's frequent and prolonged hospitalizations, overlooking how Plaintiff's hospitalizations would exceed allowable absenteeism thresholds; and (2) improperly relied on instances of non-compliance with medication and treatment without considering the documented justifications for such non-compliance, in contravention of Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017). ECF 12, at 7-12; ECF 15, at 2-4. Defendant counters that the ALJ's decision acknowledged Plaintiff's hospitalizations resulting from non-compliance with her diabetes treatment protocol, and the ALJ's decision properly followed the guidance in SSR 16-3p. ECF 14, at 5-12.

Because it finds the argument dispositive, the Court begins by examining Plaintiff's second argument: the ALJ's reliance on Plaintiff's non-compliance with medication and treatment. Plaintiff asserts that the ALJ failed to consider barriers to treatment documented in Plaintiff's medical records, specifically, that "Cultural Issues Interfere with treatment, Cognitive limitations Interfere with treatment, and Emotional problems interfere with treatment." *Id.*, at 11 (internal quotation marks omitted).

---

and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Montoya T. v. Bisignano*
Civil No. 24-1470-CDA
July 18, 2025
Page 4

> SSR 16-3p, in relevant part, states:
>
> [I]f the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We may need to contact the individual regarding the lack of treatment or, at an **administrative** proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints. When we consider the individual's treatment history, we may consider (but are not limited to) one or more of the following:
>
>> . . . .
>
> - Due to various limitations (such as language or mental limitations), an individual may not understand the appropriate treatment for or the need for consistent treatment of his or her impairment.
>
> - Due to a mental impairment (for example, individuals with mental impairments that affect judgment, reality testing, or orientation), an individual may not be aware that he or she has a disorder that requires treatment.
>
>> . . . .
>
> [W]e will consider and address reasons for not pursuing treatment that are pertinent to an individual's case. . . . We will explain how we considered the individual's reasons in our evaluation of the individual's symptoms.

SSR 16-3p, 2017 WL 5180304, at *9-10 (emphasis in original).

The ALJ's analysis fails to comport with SSR 16-3p because it neglected to consider or address any justifications for Plaintiff's non-compliance with treatment or medication. The ALJ referenced Plaintiff's non-compliance several times throughout their decision. *See, e.g.*, Tr. 31 ("In October 2018, [Plaintiff] was admitted again with diabetic ketoacidosis in the setting of uncontrolled diabetes. However, she continued to report that she was not compliant with her medication."); Tr. 31-32 ("[I]n December 2018, [Plaintiff] was admitted in the setting of diabetic ketoacidosis associated with uncontrolled diabetes. However, she also stated that she ran out of her diabetic medications."); Tr. 32 ("In July 2019, [Plaintiff] presented for medical management of adult onset diabetes with a hemoglobin A1c of 16.5 percent in the setting of non-compliance. She also stated that she had not been checking her blood sugar levels."); *id.* (Plaintiff "was diagnosed with a history of diabetes mellitus and recurrent diabetic ketoacidosis secondary to noncompliance."); *id.* ("In January 2020, treatment records noted that [Plaintiff] was released by

her endocrinologist due to non-compliance with her treatment regimen."); *id.* ("[I]n December 2020, [Plaintiff] was admitted again with another episode of diabetic ketoacidosis. However, treatment records continued to note that she was non-compliant with her diabetic treatment."); Tr. 33 ("In February 2022, [Plaintiff] presented to reestablish care for management of her diabetes after being previously discharged due to missing her appointments. . . . [S]he confirmed that she frequently misses her Admelog insulin midday."); Tr. 34 ("In February 2020, [Plaintiff] endorsed mood changes and medication non-compliance due to sedation.") (internal citations omitted). However, during the hearing, the ALJ never asked Plaintiff about her reasons for non-compliance with medication or treatment. Moreover, throughout their decision, the ALJ did not discuss possible reasons why Plaintiff was non-compliant with her medication or treatment.

Having relied on Plaintiff's non-compliance throughout their decision, the ALJ should have followed SSR 16-3p to determine whether her non-compliance was willful or whether it was a symptom of Plaintiff's mental health conditions or otherwise. They should have, as noted above, considered enumerated (or other) reasons and circumstances potentially relevant to non-compliance and explained their reasons for crediting or rejecting those reasons. The ALJ's failure to comply with SSR 16-3p warrants remand. *See Flowers v. Comm'r Soc. Sec.*, No. CCB-17-3043, 2018 WL 3068682, at *2 (D. Md. June 21, 2018), *report and recommendation adopted*, No. CCB-17-3043, 2018 WL 4356743 (D. Md. Sept. 12, 2018) (remanding where the ALJ relied on plaintiff's noncompliance in at least eight separate paragraphs of the ALJ's decision, but the ALJ did not "determine whether [plaintiff's] noncompliance was willful or whether it was essentially a symptom of [plaintiff's] severe mental health conditions."); *Jerome S. v. Kijakazi*, No. AAQ-22-02963, 2023 WL 5570201, at *3 (D. Md. Aug. 29, 2023) (remanding where "the ALJ erred by emphasizing [p]laintiff's failure, despite referrals from his healthcare providers, to obtain physical therapy, without inquiring as to his reasons for not seeking this treatment."); *Megan M. v. Kijakazi*, No. CBD-19-3395, 2022 WL 19774, at *8 (D. Md. Jan. 3, 2022) (remanding where the ALJ mentioned plaintiff's noncompliance with medication and treatment several times in their decision, but the ALJ "did not ask [p]laintiff, nor discuss possible reasons in her findings why [p]laintiff was non-compliant with her medication or treatment.").

The SSA asserts that the ALJ's decision "allows for meaningful judicial review" because Plaintiff's "medical records frequently reflected the reasons" for her non-compliance with treatment and that "the record is replete with the reasons for this younger individual's non-compliance with her diabetes treatment protocol." ECF 14, at 11. The Court finds this argument unavailing. As stated above, the ALJ's decision failed to consider or address Plaintiff's non-compliance with medication or treatment. Because such a determination is the ALJ's to make, not the Court's, remand is warranted. *See Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (holding that it is not the Court's role to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ). The ALJ's failure to do so is not harmless. Had the ALJ properly evaluated Plaintiff's RFC in compliance with SSR 16-3p, the ALJ may have found that Plaintiff possessed further limitations and therefore not capable of performing a full range of work at all exertional levels.

Because the case is being remanded on other grounds, I need not address Plaintiff's other

*Montoya T. v. Bisignano*
Civil No. 24-1470-CDA
July 18, 2025
Page 6

argument. On remand, the ALJ is welcome to consider this argument and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.      **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge